FILED

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2016 NOV 23  PM 2: 24

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

**AUTO-OWNERS INSURANCE
COMPANY, a Michigan Corporation,**

     **Plaintiff**

**v.**

                **Case No.:**  6:16cv2051-orl-41DCI

**TIMOTHY A. TRASTER, individually,
TIMOTHY A. TRASTER, P.A.,
EBBETS, TRASTER & KERCE, L.L.C.
a dissolved Florida limited liability
company and the LAW OFFICES OF
EBBETS & TRASTER, a partnership
of professional associations,**

     **Defendants.**

_____/

## COMPLAINT

The Plaintiff, AUTO-OWNERS INSURANCE COMPANY ("AUTO-OWNERS"), a Michigan Corporation, by and through its undersigned attorneys hereby sues Defendants, TIMOTHY A. TRASTER, individually, TIMOTHY A. TRASTER, P.A., EBBETS, TRASTER & KERCE, L.L.C., a dissolved Florida limited liability company, and the LAW OFFICES OF EBBETS & TRASTER, a partnership of professional associations, and alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. The Plaintiff, AUTO-OWNERS, is a Michigan company incorporated in the state of Michigan and organized and existing under the laws of Michigan with its principal place of business in Lansing, Michigan.

1

2. The Defendant, TIMOTHY A. TRASTER ("TRASTER"), is a citizen of the state of Florida and a resident of Volusia County, Florida.

3. At all material times, TRASTER was a licensed Florida attorney working for the law firm(s) of TIMOTHY A. TRASTER, P.A., EBBETS, TRASTER & KERCE, L.L.C. and/or the LAW OFFICES OF EBBETS & TRASTER.

4. The Defendant, TIMOTHY A. TRASTER, P.A. ("TRASTER, P.A."), at all times material, was a Florida Corporation, organized and existing under the laws of Florida with its principal place of business in Daytona Beach, Florida.

5. The Defendant, EBBETS, TRASTER & KERCE, L.L.C. ("ETK"), at all times material was a Florida limited liability company organized and existing under the laws of Florida with its principal place of business in Daytona Beach, Florida.

6. At all times material, the members of ETK were Charles C. Ebbets, TRASTER and James D. Kerce.

7. ETK members, Charles C. Ebbets, TRASTER and James D. Kerce are each citizens of the state of Florida and residents of Volusia County, Florida.

8. The Defendant, the LAW OFFICES OF EBBETS & TRASTER ("EBBETS & TRASTER"), at all material times was a Florida partnership of professional associations, made up of Chobee Ebbets, P.A. and TRASTER, P.A. or TRASTER, with its principal place of business in Daytona Beach, Florida.

9. Chobee Ebbets P.A. is a Florida corporation, organized and existing under the laws of Florida with its principal place of business in Daytona Beach, Florida.

10. This Court has jurisdiction of the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the damages at issue are in excess of $75,000 exclusive of interests and costs.

11. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## THE UNDERLYING LAWSUIT

12. On or about May 21, 2013, Donna Donovan ("Donovan") initiated a lawsuit against Grimaldi Enterprises, LLC ("Grimaldi Enterprises") and Joseph A. Grimaldi ("Grimaldi") in the County Court in and for Volusia County, Florida, case number 2013 31767 COCI (the "Underlying Lawsuit") alleging fraud and other deceptive acts and practices in connection with the sale of a motor vehicle to Donovan.

13. On December 6, 2013, the court in the Underlying Lawsuit granted Donovan's Motion for Partial Summary Judgment as to Liability against Grimaldi Enterprises and Grimaldi. Specifically, the order held that both Grimaldi Enterprises and Grimaldi were liable to Donovan for their fraud and misrepresentations, their violation of the Florida Deceptive and Unfair Trade Practices Act and their Violation of Unfair or Deceptive Acts or Practices regarding vehicles.  Additionally, the court held that Grimaldi Enterprises was liable to Donovan for its violation of the Florida Deceptive and Unfair Trade Practices Act pursuant to violations of Florida Statute section 320.

14. AUTO-OWNERS issued a motor vehicle dealer surety bond to Grimaldi Enterprises for the total sum of $25,000 (the "Bond").

15. On March 10, 2014, the court granted Donovan's Motion to Amend the Complaint to add AUTO-OWNERS as a defendant in the Underlying Lawsuit. A copy of the Amended Complaint is attached hereto as Exhibit "A".

16. The Amended Complaint was served on the Chief Financial Officer of the State of Florida as AUTO-OWNERS' statutory agent for service of process on March 20, 2014. In the Amended Complaint, Donovan alleged counts against AUTO-OWNERS for breach of contract, fraud and misrepresentation, and liability on the Bond.

17. AUTO-OWNERS retained the Defendants to represent AUTO-OWNERS in the Underlying Lawsuit.

18. TRASTER, TRASTER P.A., ETK and/or EBBETS & TRASTER are liable to AUTO-OWNERS as set forth herein due to their attorney-client relationship with AUTO-OWNERS.

19. In the alternative, TRASTER, P.A., ETK and/or EBBETS & TRASTER are vicariously liable for the acts and/or omissions of TRASTER, their agent or employee.

20. Despite the fact that AUTO-OWNERS had viable and meritorious defenses to Donovan's claims, the Defendants failed to respond to the Amended Complaint in the allowed time. Accordingly, on April 17, 2014, the court in the Underlying Action entered a default against AUTO-OWNERS based on the Defendants' failure to plead or otherwise defend on behalf of AUTO-OWNERS. A copy of the court's default is attached hereto as Exhibit "B".

21. Defendants repeatedly attempted to have the Default vacated or set aside, but were unsuccessful.

22. The Defendants failed to inform AUTO-OWNERS that a default had been entered against AUTO-OWNERS due to the Defendants' failure to plead or otherwise defend on behalf of AUTO-OWNERS.

23. Furthermore, the Defendants failed to respond to discovery directed to AUTO-OWNERS, including Interrogatories, Requests for Production and Requests for Admissions, within the allowed time.

24. On July 26, 2014, Donovan filed a Motion to Compel Discovery against AUTO-OWNERS based on the Defendants' failure to respond to written discovery, including Interrogatories, Requests for Production and Requests for Admissions.

25. Additionally, on July 26, 2014, Donovan filed a Notice of Facts Conclusively Admitted by AUTO-OWNERS due to the Defendants' failure to timely respond to the Requests for Admissions on behalf of AUTO-OWNERS.  A copy of the Notice of Facts Conclusively Admitted is attached hereto as Exhibit "C".

26. Notably, due to the Defendants' failure to timely respond to the Requests for Admissions on behalf of AUTO-OWNERS, the Defendants caused AUTO-OWNERS to technically admit that it "unreasonably delayed in investigating [Donovan's] claim against Florida Motor Vehicle Surety Bond #6608574" and that it "unreasonably delayed in adjusting [Donovan's] claim against Florida Motor Vehicle Surety Bond #6608574."  Exhibit "C" at ¶¶ 17-18.

27. The Defendants failed to inform AUTO-OWNERS of the Motion to Compel or that due to Defendants' failure to respond to the Requests for Admissions on behalf of AUTO-OWNERS, AUTO-OWNERS had technically admitted the Requests for Admission.

28. On September 9, 2014, the court in the Underlying Action granted Donovan's Motion to Compel and ordered AUTO-OWNERS to answer Donovan's Interrogatories and Requests for Production within 10 days.

29. The Defendants failed to inform AUTO-OWNERS of the court's order granting Donovan's Motion to Compel or that discovery responses were due in 10 days.

30. Despite the entry of the default by the court in the Underlying Lawsuit, the Defendants filed an Answer to Donovan's First Amended Complaint as well as a Motion to Dismiss the First Amended Complaint on May 28, 2014.

31. Pursuant to motions filed by Donovan, the court sanctioned AUTO-OWNERS on October 7, 2014 holding that the affirmative defenses and attorney fee demand in AUTO-OWNERS' Answer and the assertions in AUTO-OWNERS Motion to Dismiss were not supported by the material facts necessary to establish those claims or defenses and would not be supported by the application of the then-existing law to those material facts. The court required AUTO-OWNERS to pay within 30 days the amount of $700.00 in sanctions to counsel for Donovan. A copy of the court's Order Granting Donovan's First and Second Motions for Sanctions is attached hereto as Exhibit "D".

32. The Defendants failed to inform AUTO-OWNERS that the court had sanctioned AUTO-OWNERS or that the court had ordered AUTO-OWNERS to pay $700.00 to counsel for Donovan.

33. On December 3, 2014, the court in the Underlying Lawsuit held AUTO-OWNERS in contempt of court for violating the court's September 9, 2014 order compelling AUTO-OWNERS to respond to Interrogatories and Requests for Production within ten days of the order. Furthermore, the court found that AUTO-OWNERS was further in contempt of

court for failing to pay the previously-imposed sanctions in the amount of $700.00.  A copy of the court's order holding AUTO-OWNERS in contempt of court (the "Contempt Order") is attached hereto as Exhibit "E".

34. In the Contempt Order, the court ordered that AUTO-OWNERS pay the previously-imposed sanctions by December 5, 2014.  Further, the court ordered that if AUTO-OWNERS did not comply with its September 9, 2014 order compelling discovery by December 12, 2014, AUTO-OWNERS shall pay to Donovan a fine of $500.00 per day from December 12, 2014 through December 31, 2014 and a fine of $1,000.00 per day thereafter.

35. Moreover, the Contempt Order stated that if AUTO-OWNERS did not comply with the court's September 9, 2014 order compelling discovery by December 31, 2014, AUTO-OWNERS was automatically suspended from conducting any business in the State of Florida.  In addition to the previously-imposed $700.00 in sanctions, the Contempt Order also required AUTO-OWNERS to pay $1,000.00 to Donovan for additional damages caused by AUTO-OWNERS and the sum of $2,800.00 to counsel for Donovan.

36. It was not until December of 2014, after the court entered the Contempt Order, that the Defendants informed AUTO-OWNERS of the default and sanctions ordered against AUTO-OWNERS.

37. Upon learning of the default and the Contempt Order, AUTO-OWNERS substituted the undersigned for the Defendants as its counsel in the Underlying Lawsuit.  Attached hereto as Exhibit "F" is a copy of the court's order granting AUTO-OWNERS' Unopposed Motion for Substitution of Counsel dated January 23, 2015.

38. After the undersigned reviewed the pleadings, AUTO-OWNERS was finally informed of the true status of the case, the impact of the default, and the impact of the Defendants' failure to respond to discovery, including the fact that that because AUTO-OWNERS' deadline to respond to the Requests for Admissions had passed, it had technically admitted to the facts in the Requests for Admissions.  Additionally, AUTO-OWNERS was finally apprised of various expired settlement offers that had been made by Donovan which had not been conveyed to AUTO-OWNERS.

39. Due to the Defendants' acts and omissions in handling the Underlying Lawsuit, including allowing a default to be entered against AUTO-OWNERS and failing to respond to the Requests for Admissions, AUTO-OWNERS was liable for damages, costs, interest and attorney's fees under the Bond and attorneys' fees for Donovan's counsel in excess of the amount of the Bond including the possibility of a fee multiplier.  Additionally, AUTO-OWNERS was exposed to punitive damages due to the count for fraud which was the subject of the default and technical admissions.

40. Defendants' acts and omissions in the handling of the Underlying Lawsuit and the failure to inform AUTO-OWNERS of the status of the Underlying Lawsuit resulted in sanctions being awarded against AUTO-OWNERS.

41. Further, Defendants' acts and omissions in the handling of the Underlying Lawsuit and the failure to inform AUTO-OWNERS of the status of the Underlying Lawsuit and Donovan's settlement offers unnecessarily increased AUTO OWNERS' liability for damages, costs, and interest as well as AUTO-OWNERS own attorney's fees and the attorney's fees incurred by Donovan, for which Donovan sought recovery from AUTO-OWNERS.

42. AUTO-OWNERS' liability for damages, costs, interest, attorney's fees for Donovan's counsel, including the possibility of a fee multiplier, increased attorney's fees for AUTO-OWNERS own counsel, and sanctions as well as exposure to punitive damages, arose solely due to the negligence of the Defendants in the handling of the Underlying Lawsuit and their lack of communication with AUTO-OWNERS.

43. In order to protect its interests, AUTO-OWNERS, through the undersigned counsel, was forced to negotiate a settlement with Donovan.  AUTO-OWNERS and Donovan settled the Underlying Lawsuit in the amount of $90,000 on February 28, 2015.  A copy of the Settlement Agreement is attached hereto as Exhibit "G".

44. The Defendants were given notice and opportunity to defend and indemnify AUTO-OWNERS in the Underlying Lawsuit and to participate in the settlement.  However, the Defendants declined to participate in the settlement of the Underlying Lawsuit or otherwise protect AUTO-OWNERS against liability resulting from Defendants' acts or omissions.

<u>COUNT I</u>
<u>LEGAL MALPRACTICE AGAINST ALL DEFENDANTS</u>
<u>ARISING FROM THE DEFAULT</u>

45. AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

46. As a result of the attorney-client relationship between AUTO-OWNERS and Defendants, Defendants owed AUTO-OWNERS various duties, including, but not limited to, the following:

    i.    the duty of care, which requires an attorney to have the knowledge and skill necessary to confront the circumstances of each case;

    ii.    the duty to represent the client and handle the client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity; and

    iii.    fiduciary duties, including the duty to make full and fair disclosure of material facts.

47. Rather than honor these duties owed to AUTO-OWNERS, Defendants breached their duties to AUTO-OWNERS in the Underlying Lawsuit by, *inter alia*:

    i.    failing to timely respond to Donovan's First Amended Complaint on behalf of AUTO-OWNERS which resulted in a default against AUTO-OWNERS; and

    ii.    failing to disclose to AUTO-OWNERS that a default had been entered against it.

48. By reason of the forgoing, AUTO-OWNERS has been damaged in that it was liable for:

    i.    damages, interest, costs and attorney's fees under the Bond;

    ii.    attorney fees' for Donovan's counsel in excess of the Bond including the possibility of a multiplier; and

    iii.    increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

49. Further, by reason of the forgoing, AUTO-OWNERS was exposed to liability for punitive damages.

50. The default caused AUTO-OWNERS' liability under the Bond as well as liability for attorneys' fees which far exceeded the face value of the Bond and results from Defendants' negligence in the defense of the Underlying Lawsuit and their failure to notify AUTO-OWNERS of the status of the Underlying Lawsuit.

51. As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

52. Defendants' failure to exercise reasonable care, skill and diligence was the proximate cause of the damages to AUTO-OWNERS.

53. AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS
## ARISING FROM THE DEFAULT

54. AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

55. As a result of the fiduciary relationship between AUTO-OWNERS and Defendants, and the great deal of trust and confidence reposed in Defendants by AUTO-OWNERS, Defendants owed AUTO-OWNERS certain fiduciary duties including, but not limited to, a duty to act with the utmost degree of honesty, forthrightness, loyalty and fidelity and to make full and fair disclosures of material facts.

56. Defendants breached their fiduciary duty to AUTO-OWNERS by, *inter alia*:

   i.   failing to timely respond to Donovan's First Amended Complaint on behalf of AUTO-OWNERS which resulted in a default against AUTO-OWNERS; and

   ii.  failing to disclose to AUTO-OWNERS that a default had been entered against it.

57. By reason of the forgoing, AUTO-OWNERS has been damaged in that it was liable for:

   i.   damages, interest, costs and attorney's fees under the Bond;

   ii.  attorney fees' for Donovan's counsel in excess of the Bond including the possibility of a multiplier; and

11

      iii.  increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

58. Further, by reason of the forgoing, AUTO-OWNERS was exposed to liability for punitive damages.

59. The default caused AUTO-OWNERS' liability under the Bond as well as liability for attorneys' fees which far exceeded the face value of the Bond and results from Defendants' negligence in the defense of the Underlying Lawsuit and their failure to notify AUTO-OWNERS of the status of the Underlying Lawsuit.

60. As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

61. Defendants' breach of their fiduciary duties to AUTO-OWNERS was the proximate cause of the damages to AUTO-OWNERS.

62. AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs, and any further relief as this Court deems just and proper.

## COUNT III
## LEGAL MALPRACTICE AGAINST ALL DEFENDANTS
## ARISING FROM THE TECHNICAL ADMISSIONS

63. AUTO-OWNERS repeats and reallages paragraphs 1 through 44 above as if fully set forth herein.

64. As a result of the attorney-client relationship between AUTO-OWNERS and Defendants, Defendants owed AUTO-OWNERS various duties, including, but not limited to, the following:

   i. the duty of care, which requires an attorney to have the knowledge and skill necessary to confront the circumstances of each case;

   ii. the duty to represent the client and handle the client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity; and

   iii. fiduciary duties, including the duty to make full and fair disclosure of material facts.

65. Rather than honor these duties owed to AUTO-OWNERS, Defendants breached their duties to AUTO-OWNERS in the Underlying Lawsuit by, *inter alia*:

   i. failing to timely respond to Donovan's Requests for Admission on behalf of AUTO-OWNERS which resulted in technical admissions of pertinent facts by AUTO-OWNERS; and

   ii. failing to inform AUTO-OWNERS that AUTO-OWNERS had technically admitted pertinent facts due to Defendants' failure to timely respond to Requests for Admissions.

66. By reason of the forgoing, AUTO-OWNERS has been damaged in that it was liable for:

   i. damages, interest, costs and attorney's fees under the Bond;

   ii. attorney fees' for Donovan's counsel in excess of the Bond including the possibility of a multiplier; and

   iii. increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

13

67. Further, by reason of the forgoing, AUTO-OWNERS was exposed to liability for punitive damages.

68. The technical admissions caused AUTO-OWNERS' liability under the Bond as well as liability for attorneys' fees which far exceeded the face value of the Bond and results from Defendants' negligence in the defense of the Underlying Lawsuit and their failure to notify AUTO-OWNERS of the status of the Underlying Lawsuit.

69. As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

70. Defendants' failure to exercise reasonable care, skill and diligence was the proximate cause of the damages to AUTO-OWNERS.

71. AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS
## ARISING FROM THE TECHNICAL ADMISSIONS

72. AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

73. As a result of the fiduciary relationship between AUTO-OWNERS and Defendants, and the great deal of trust and confidence reposed in Defendants by AUTO-OWNERS, Defendants owed AUTO-OWNERS certain fiduciary duties including, but not limited to, a duty to act with the utmost degree of honesty, forthrightness, loyalty and fidelity and to make full and fair disclosures of material facts.

14

74. Defendants breached their fiduciary duty to AUTO-OWNERS by, *inter alia*:

    i.   failing to timely respond to Donovan's Requests for Admission on behalf of AUTO-OWNERS which resulted in technical admissions of pertinent facts by AUTO-OWNERS; and

    ii.   failing to inform AUTO-OWNERS that AUTO-OWNERS had technically admitted pertinent facts due to Defendants' failure to timely respond to Requests for Admissions.

75. By reason of the forgoing, AUTO-OWNERS has been damaged in that it was liable for:

    i.   damages, interest, costs and attorney's fees under the Bond;

    ii.   attorney fees' for Donovan's counsel in excess of the Bond including the possibility of a multiplier; and

    iii.   increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

76. Further, by reason of the forgoing, AUTO-OWNERS was exposed to liability for punitive damages.

77. The technical admissions caused AUTO-OWNERS' liability under the Bond as well as liability for attorneys' fees which far exceeded the face value of the Bond and results from Defendants' negligence in the defense of the Underlying Lawsuit and their failure to notify AUTO-OWNERS of the status of the Underlying Lawsuit.

78. As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

79. Defendants' breach of their fiduciary duties to AUTO-OWNERS was the proximate cause of the damages to AUTO-OWNERS.

80. AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

<u>COUNT V</u>
<u>LEGAL MALPRACTICE AGAINST ALL DEFENDANTS</u>
<u>ARISING FROM THE SANCTIONS AND CONTEMPT ORDER</u>

81. AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

82. As a result of the attorney-client relationship between AUTO-OWNERS and Defendants, Defendants owed AUTO-OWNERS various duties, including, but not limited to, the following:

    i.   the duty of care, which requires an attorney to have the knowledge and skill necessary to confront the circumstances of each case;

    ii.   the duty to represent the client and handle the client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity; and

    iii.   fiduciary duties, including the duty to make full and fair disclosure of material facts.

83. Rather than honor these duties owed to AUTO-OWNERS, Defendants breached their duties to AUTO-OWNERS in the Underlying Lawsuit by, *inter alia*:

    i.   filing an Answer to Donovan's First Amended Complaint as well as a Motion to Dismiss the First Amended Complaint which were not supported by the material

16

facts necessary to establish those claims or defenses and would not be supported by the application of the then-existing law to those material facts which resulted in sanctions against AUTO-OWNERS in the amount of $700;

   ii.    failing to inform AUTO-OWNERS that sanctions had been entered against AUTO-OWNERS;

   iii.    failing to inform AUTO-OWNERS that on September 9, 2014, the court ordered AUTO-OWNERS to respond to Interrogatories and Requests for Production within ten days;

   iv.    causing AUTO-OWNERS to be held in contempt of Court for violating the court's September 9, 2014 order compelling AUTO-OWNERS to respond to Interrogatories and Requests for Production within ten days of the order and failing to pay previously-imposed sanctions in the amount of $700.00.

84. By reason of the forgoing, AUTO-OWNERS has been damaged in that it was sanctioned and held in contempt of court. Specifically, on October 7, 2014, the court ordered AUTO-OWNERS to pay $700 in sanctions to Counsel for Donovan. Further, on December 3, 2014, the court ordered that AUTO-OWNERS pay the previously-imposed sanctions of $700 by December 5, 2014. Further, the court ordered that if AUTO-OWNERS did not comply with its September 9, 2014 order compelling discovery by December 12, 2014, AUTO-OWNERS shall pay to Donovan a fine of $500.00 per day from December 12, 2014 through December 31, 2014 and a fine of $1,000.00 per day thereafter. Moreover, the Contempt Order stated that if AUTO-OWNERS did not comply with the court's September 9, 2014 order compelling discovery by December 31, 2014, AUTO-OWNERS was automatically suspended from conducting any business in the State of Florida. In addition

to the previously-imposed $700.00 in sanctions, the Contempt Order also required AUTO-OWNERS to pay $1,000.00 to Donovan for additional damages caused by AUTO-OWNERS and the sum of $2,800.00 to counsel for Donovan.

85. Moreover, AUTO-OWNERS suffered consequential damages in increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

86. As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

87. Defendants' failure to exercise reasonable care, skill and diligence was the proximate cause of the damages to AUTO-OWNERS.

88. AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

## COUNT VI
## BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS
## ARISING FROM THE SANCTIONS AND CONTEMPT ORDER

89. AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

90. As a result of the fiduciary relationship between AUTO-OWNERS and Defendants, and the great deal of trust and confidence reposed in Defendants by AUTO-OWNERS, Defendants owed AUTO-OWNERS certain fiduciary duties including, but not limited to,

a duty to act with the utmost degree of honesty, forthrightness, loyalty and fidelity and to make full and fair disclosures of material facts.

91. Defendants breached their fiduciary duty to AUTO-OWNERS by, *inter alia*:

    i.    filing an Answer to Donovan's First Amended Complaint as well as a Motion to Dismiss the First Amended Complaint which were not supported by the material facts necessary to establish those claims or defenses and would not be supported by the application of the then-existing law to those material facts which resulted in sanctions against AUTO-OWNERS in the amount of $700;

    ii.    failing to inform AUTO-OWNERS that sanctions had been entered against AUTO-OWNERS;

    iii.    failing to inform AUTO-OWNERS that on September 9, 2014, the court ordered AUTO-OWNERS to respond to Interrogatories and Requests for Production within ten days;

    iv.    causing AUTO-OWNERS to be held in contempt of Court for violating the court's September 9, 2014 order compelling AUTO-OWNERS to respond to Interrogatories and Requests for Production within ten days of the order and failing to pay previously-imposed sanctions in the amount of $700.00.

92. By reason of the forgoing, AUTO-OWNERS has been damaged in that it was sanctioned and held in contempt of court. Specifically, on October 7, 2014, the court ordered AUTO-OWNERS to pay $700 in sanctions to Counsel for Donovan. Further, on December 3, 2014, the court ordered that AUTO-OWNERS pay the previously-imposed sanctions of $700 by December 5, 2014. Further, the court ordered that if AUTO-OWNERS did not comply with its September 9, 2014 order compelling discovery by December 12, 2014,

AUTO-OWNERS shall pay to Donovan a fine of $500.00 per day from December 12, 2014 through December 31, 2014 and a fine of $1,000.00 per day thereafter.  Moreover, the Contempt Order stated that if AUTO-OWNERS did not comply with the court's September 9, 2014 order compelling discovery by December 31, 2014, AUTO-OWNERS was automatically suspended from conducting any business in the State of Florida.  In addition to the previously-imposed $700.00 in sanctions, the Contempt Order also required AUTO-OWNERS to pay $1,000.00 to Donovan for additional damages caused by AUTO-OWNERS and the sum of $2,800.00 to counsel for Donovan.

93. Moreover, AUTO-OWNERS suffered consequential damages in increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

94. As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

95. Defendants' breach of their fiduciary duties to AUTO-OWNERS was the proximate cause of the damages to AUTO-OWNERS.

96. AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

## COUNT VII
## LEGAL MALPRACTICE AGAINST ALL DEFENDANTS
## ARISING FROM FAILURE TO COMMUNICATE SETTLEMENT OFFERS

97. AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

98. As a result of the attorney-client relationship between AUTO-OWNERS and Defendants, Defendants owed AUTO-OWNERS various duties, including, but not limited to, the following:

    i.    the duty of care, which requires an attorney to have the knowledge and skill necessary to confront the circumstances of each case;

    ii.    the duty to represent the client and handle the client's affairs with the utmost degree of honesty, forthrightness, loyalty and fidelity; and

    iii.    fiduciary duties, including the duty to make full and fair disclosure of material facts.

99. Rather than honor these duties owed to AUTO-OWNERS, Defendants breached their duties to AUTO-OWNERS in the Underlying Lawsuit by failing to inform AUTO-OWNERS of multiple time-limited settlement offers by Donovan which expired and resulted in AUTO-OWNERS being forced to pay more to settle Donovan's claims.

100.    By reason of the forgoing, AUTO-OWNERS has been damaged in that it lost opportunities to settle and was forced to pay more to settle Donovan's claims as a result of increased interest and costs and Donovan's counsel's increasing attorney's fees. Moreover, AUTO-OWNERS suffered consequential damages in increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

101.     As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

102.     Defendants' failure to exercise reasonable care, skill and diligence was the proximate cause of the damages to AUTO-OWNERS.

103.     AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

**COUNT VIII**
**BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS**
**ARISING FROM FAILURE TO COMMUNICATE SETTLEMENT OFFERS**

104.     AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

105.     As a result of the fiduciary relationship between AUTO-OWNERS and Defendants, and the great deal of trust and confidence reposed in Defendants by AUTO-OWNERS, Defendants owed AUTO-OWNERS certain fiduciary duties including, but not limited to, a duty to act with the utmost degree of honesty, forthrightness, loyalty and fidelity and to make full and fair disclosures of material facts.

106.     Defendants breached their fiduciary duty to AUTO-OWNERS by, *inter alia*, failing to inform AUTO-OWNERS of multiple time-limited settlement offers by Donovan which expired and resulted in AUTO-OWNERS being forced to pay more to settle Donovan's claims.

22

107.     By reason of the forgoing, AUTO-OWNERS has been damaged in that it lost opportunities to settle and was forced to pay more to settle Donovan's claims as a result of increased interest and costs and Donovan's counsel's increasing attorney's fees. Moreover, AUTO-OWNERS suffered consequential damages in increased attorney's fees for AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action in light of the Defendants' errors and omissions.

108.     As a result of the Defendants' breach of their duties, AUTO-OWNERS was forced to enter into a settlement with Donovan in the Underlying Action to protect its interests.

109.     Defendants' breach of their fiduciary duties to AUTO-OWNERS was the proximate cause of the damages to AUTO-OWNERS.

110.     AUTO-OWNERS has complied with all conditions precedent to bringing this action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

## COUNT IX
## COMMON LAW INDEMNITY AGAINST ALL DEFENDANTS

111.     AUTO-OWNERS repeats and realleges paragraphs 1 through 44 above as if fully set forth herein.

112.     At all times material hereto, Defendants were representing AUTO-OWNERS in the Underlying Lawsuit.   This attorney-client relationship created a special relationship between Defendants and AUTO-OWNERS.

113.     AUTO-OWNERS' liability to Donovan for damages, costs, interest, attorney's fees for Donovan's counsel, including the possibility of a fee multiplier, increased attorney's fees for AUTO-OWNERS own counsel, and sanctions as well as exposure to punitive damages, arose solely due to the negligence of the Defendants in the handling of the Underlying Lawsuit and their lack of communication with AUTO-OWNERS.

114.     In order to protect its interests, AUTO-OWNERS, through the undersigned counsel, was forced to negotiate a settlement with Donovan.

115.     The Defendants were given notice and opportunity to defend and indemnify AUTO-OWNERS in the Underlying Lawsuit and to participate in the settlement. However, the Defendants declined to participate in the settlement of the Underlying Lawsuit or otherwise protect AUTO-OWNERS against liability resulting from Defendants' acts or omissions.

116.     AUTO-OWNERS' liability in this matter is purely technical, derivative, vicarious and/or constructive in that AUTO-OWNERS' liability arose solely from Defendants' acts and omissions in the handling of the Underlying Lawsuit and lack of communication with AUTO-OWNERS with no fault by AUTO-OWNERS.

117.     AUTO-OWNERS is entitled to common-law indemnity from Defendants for all amounts AUTO-OWNERS was required to pay in the settlement of the Underlying Lawsuit, as sanctions, and for increased attorneys' fees incurred by AUTO-OWNERS own counsel, including those fees incurred as a result of having to hire the undersigned to defend AUTO-OWNERS in the Underlying Action after discovering Defendants' negligence in the handling of the Underlying Lawsuit.

118.     AUTO-OWNERS has complied with all conditions precedent to bringing this

action.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for

damages in excess of $75,000, plus interest and costs and any further relief as this Court deems

just and proper.

**COUNT X**
**EQUITABLE SUBROGATION AGAINST ALL DEFENDANTS**

119.     AUTO-OWNERS repeats and reallages paragraphs 1 through 44 above as if fully

set forth herein.

120.     AUTO-OWNERS' liability to Donovan for damages, costs, interest, attorney's fees

for Donovan's counsel, including the possibility of a fee multiplier, increased attorney's

fees for AUTO-OWNERS own counsel, and sanctions as well as exposure to punitive

damages, arose solely due to the negligence of the Defendants in the handling of the

Underlying Lawsuit and their lack of communication with AUTO-OWNERS.

121.     In order to protect its interests, AUTO-OWNERS, through the undersigned

counsel, was forced to negotiate a settlement with Donovan.

122.     The Defendants were given notice and opportunity to defend and indemnify

AUTO-OWNERS in the Underlying Lawsuit and to participate in the settlement.

However, the Defendants declined to participate in the settlement of the Underlying

Lawsuit or otherwise protect AUTO-OWNERS against liability resulting from

Defendants' acts or omissions.

123.     AUTO-OWNERS did not act as a mere volunteer.

124.    Under equitable principles, the amounts paid by AUTO-OWNERS to resolve the claims in the Underlying Lawsuit, for sanctions and for the increased attorney's fees for AUTO-OWNERS own counsel, should have been paid by Defendants.  AUTO-OWNERS' liability to Donovan arose solely from Defendants' negligent acts and omissions in the handling of the Underlying Lawsuit.

125.    Subrogation would not work any injustices to the rights of a third party.

126.    AUTO-OWNERS has an equitable right to subrogation against Defendants for the amounts AUTO-OWNERS paid to resolve the Underlying Lawsuit, for the amounts it paid as sanctions and for the increased attorney's fees AUTO-OWNERS incurred for its own counsel.

WHEREFORE, the Plaintiff, AUTO-OWNERS, demands judgment against Defendants for damages in excess of $75,000, plus interest and costs and any further relief as this Court deems just and proper.

Date:   November 22, 2016

/s/ Robin P. Keener
Robin P. Keener 0597945
E-mail: rkeener@stolerrussell.com
STOLER RUSSELL KEENER VERONA P.A.
One Tampa City Center
201 North Franklin Street
Suite 3050
Tampa, FL 33602
Telephone: (813) 609-3200
Facsimile: (813) 443-0890
Attorneys for Plaintiff